281 So.2d 917 (1973)
In re ESTATE OF Douglas VAN AKEN, Deceased.
No. 72-711.
District Court of Appeal of Florida, Second District.
July 20, 1973.
Rehearing Denied September 21, 1973.
Bailey M. Welden, St. Petersburg, and J.D. Hobbs, Jr., St. Petersburg Beach, for appellants.
Earle & Earle, St. Petersburg, for appellee.
LILES, Acting Chief Judge.
Douglas Van Aken took his life on June 12, 1971, at the age of 78 years. He was a widower, his wife of 57 years having previously died in March, 1970. At the time of his wife's death, his will provided that she was the sole beneficiary and his two daughters and three grandchildren were contingent beneficiaries in the event Mrs. Van Aken predeceased him. He and his wife executed a revocable inter vivos trust naming his two daughters and three grandchildren as beneficiaries. Shortly after Mrs. Van Aken's death he executed a codicil naming his daughter Jean as executrix to replace his daughter Pauline and the trust was amended accordingly. In April Helen I. Chaplin, the appellee, became either his nurse, secretary or housekeeper. In any event, she subsequently moved into the apartment with him where she lived until his death. Mr. Van Aken was suffering from various ailments as testified to by Dr. Louis F. Armstrong, his physician, and on June 12 he took his life.
During the month of May, 1971, Mrs. Chaplin decided that Mr. Van Aken should have a new will. She called her attorney and made an appointment, the purpose being to prepare Mr. Van Aken a new will. She informed her attorney that Mr. Van Aken wanted to take care of her and the will was prepared, leaving the entire estate to her together with a revocation of the old inter vivos trust and a new living trust *918 naming Mrs. Chaplin successor trustee and sole beneficiary. On June 3, 1971, Mrs. Chaplin and decedent returned to her lawyer's office and Mr. Van Aken executed the will and the trust, after the attorney had explained the documents, paragraph by paragraph. Parenthetically, no wrongdoing was alleged or found on the part of Mrs. Chaplin's attorney. At the conclusion of the execution of the will and trust, Mrs. Chaplin took the document and left.
During the interim between the time Mrs. Chaplin came to guard over Mr. Van Aken and his death several transactions took place, all of which inured to the benefit of Mrs. Chaplin. From the record it is apparent that Mrs. Chaplin procured the execution of the will, while she was in a confidential relationship with the testator. The trial judge heard the testimony and ruled that the new will was valid and admitted it to probate. The daughters take this appeal.
The question this court must determine is whether the record supports a confidential relationship between the testator and Mrs. Chaplin so as to give rise to a presumption of undue influence on the part of Mrs. Chaplin. And if so, whether Mrs. Chaplin overcame the presumption established by their confidential relationship.
This case is governed by In re Carpenter, 253 So.2d 697 (Fla. 1971). Mrs. Chaplin was the sole beneficiary, not just a substantial one. She occupied a confidential relationship with a sick, depressed man, 78 years of age, who still had not recovered from the death of his wife. She set up the appointment with her lawyer for the express purpose of drawing the will. She told her lawyer in the presence of Mr. Van Aken that he, Mr. Van Aken, wanted to take care of her. She was fully aware of the contents of the will since her attorney explained it, paragraph by paragraph. She knew that she was the sole beneficiary and she took possession of the will and trust upon its execution. These facts are uncontested and give rise to the presumption of undue influence under Carpenter, supra.
The evidence to overcome the presumption was to the effect that Mr. Van Aken had fallen out with his daughters between the time of his wife's death and the time of his death. He wrote two letters, one of which was admittedly not mailed and whether or not the other one was mailed is in doubt. Mr. Van Aken showed one of the letters to a neighbor and said he only wrote it for the purpose of "letting off steam." He visited with one of his daughters in Orlando prior to his death and only stayed a short time. There was some evidence of disagreement between his daughter and her family and Mr. Van Aken during this visit. However, in reviewing all of the testimony, we believe appellee fell far short of overcoming the strong presumption that attaches from the facts uncontroverted as to how Mrs. Chaplin procured the execution of the new will by Mr. Van Aken.
The only evidence offered by the appellee is that Mr. Van Aken at one time or another had a disagreement with his daughters. This simply does not overcome the presumption as it is not a reasonable explanation as to why a man exercising his own free will would completely disinherit his two daughters in favor of a "secretary" whom he had employed only two months.
We reverse for action consistent with this opinion.
McNULTY, J., and CALHOUN, JAMES P., Associate Judge, concur.