PER CURIAM.
Appellant seeks reversal of an order of the Circuit Court, Probate Division, of Dade County, denying her motion for removal of her daughter-in-law as adminis-tratrix of appellant’s deceased son’s estate. We affirm.
The trial judge made the following findings of fact and conclusions of law:
“This cause came on to be heard on motion for removal of administratrix and answer to said motion; the Court having heard sworn testimony of the witnesses, final argument of counsel, makes the following findings of fact and conclusions of law:
“Manuel Odze, deceased, died June 24, 1973; he left no lineal descendants but a widow, who petitioned the Court for letters of administration and the Court granted these letters on July 30, 1973. The widow had no knowledge that there was in existence any Will executed by her husband. Sarah Odze, petitioner, did not advise her daughter-in-law that there was a Will until she filed this petition for removal of administratrix. Deceased had been married for thirteen years. His mother was a very possessive, strong-willed, persistent, and demanding *820 person. There is no doubt that she loved her only child sincerely and devotedly. It was no doubt the greatest disappointment in her life to learn in the latter part of 1972 that her son was afflicted with incurable cancer. She was obviously jealous of her daughter-in-law and throughout the marriage apparently they had little in common, except both loved the same man — she as a mother and Toby Odze as his wife. The deceased spent long and painful weeks in the hospital in an unsuccessful effort to arrest or cure the cancer. In her concern for the welfare of her son petitioner was very aggressive in demanding that other doctors be called in for consultation and even attempted to prevent one surgeon from performing surgery on the deceased because she considered it necessary to have another consultation before surgery. There was so much friction between deceased, his widow and petitioner that petitioner was limited in her visiting hours to a very short period of time each day while the deceased was a patient in the hospital. Petitioner accused her daughter-in-law of having transplanted in some bizarre manner the cancer cells with which her son was incurably afflicted. Two of the doctors to whom she made this accusation testified that it was medically impossible for this to have occurred.
“Three days before deceased expired his mother had him execute a Will, which is intended to be probated if this petition to remove the administratrix is granted. She had this Will prepared by her attorney, allegedly at the request of her son, some two weeks prior to the date of execution. She brought the two witnesses, who were friends of hers and who knew the deceased, who could attest to the execution of the instrument. The Will was kept in her possession without informing her daughter-in-law of the existence of the Will but was finally filed with the Court some six weeks after letters of administration were granted to the widow.
“The deceased and his mother had had numerous business transactions inasmuch as she had been a real estate saleswoman for thirty years and the deceased had purchased lots from her, or at least the title was transferred to the deceased, and he had done some speculative building and selling of the property. This activity was engaged in, of course, prior to his disabling illness, which struck him in November 1972. Before his illness he usually visited his mother every Saturday to assist her in her shopping chores and while bedridden she visited him daily but during the later days of his illness her visits were curtailed as to the length of time she would be allowed to stay in the hospital room at her son’s request.
“The deceased’s illness was a tumor of the spine, which very soon caused paralysis of his lower limbs. Although surgery was performed to remove the tumor, apparently it had matastasized so that the removal of the original site of the cancer did little to halt the eventual death of deceased. During this sickness he was under constant medication and sedation to alleviate the great pain that he had to endure, and the doctors described his condition as very critical towards the last few days of his life. In short, while he was competent to execute instruments, such as a Will, he had little or no interest in the usual affairs of the day had he not been so debilitated by the cancer.
“The response to the motion for removal of administratrix alleges the Will to be a forgery and, also, that deceased did not have testamentary capacity. The forgery defense has been abandoned, and I find that although deceased was in a weakened condition he did not lack testamentary capacity. The contention that the Will is invalid by reason of exercise of undue influence by petitioner is more relevant. I find that there was a confidential relationship between deceased and his mother and that *821 the petitioner did exercise undue influence on her son in the procurement of the Will filed with the Court and presumably will be offered for probate should the administratrix be removed.
“Although petitioner and her daughter-in-law were never in very good accord with each other, she had engaged in numerous business transactions with her son; he was in constant touch daily with his mother through her calling him at home to see if he had arrived safely from work (this was prior to his illness), and no doubt deceased held his mother in high regard. The relationship was such that a confidential relationship did exist between the mother and her son. It was very apparent that petitioner was very active in the procurement of the Will; namely, she was instrumental in getting the Will executed and bringing the witnesses there for that purpose; procured the drafting of the Will by her attorney; she was made sole beneficiary under the Will; kept the instrument in her possession after it was executed, and informed no one of its existence, and, of course, had full knowledge of the contents of the Will prior to it being executed. See In Re: Estate of Carpenter, [Fla.], 253 So.2d 697.
“It having been determined by the Court that a confidential relationship did exist and that the petitioner was the sole beneficiary under the Will and actively procured its execution and drafting, I find that there has been no testimony offered to reasonably explain this active and persistent role on the part of petitioner in the preparation of the Will.
“Consequently, it is ORDERED AND ADJUDGED that the motion for removal of administratrix is hereby and herein denied.”
The appellant’s main contentions are that the trial court erred in finding that there existed a confidential relationship between appellant and her son at the time the will was executed, and that there was not substantial competent evidence to support the trial judge’s conclusion that the will was invalid because of undue influence of the mother.
We have carefully considered all of the points on appeal in the light of the record, briefs and arguments of counsel and have concluded that reversible error has not been made to appear. In re Estate of Carpenter, supra; In re Estate of Van Aken, Fla.App.1973, 281 So.2d 917; In re Siddons, Fla.App.1974, 297 So.2d 54.
Affirmed.